# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Case No. **1:21cv-00031**

| | |
|---|---|
| **Michael Hayes** | ) |
| 1675 Route 9 | ) |
| Stoddard, New Hampshire 03464 | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **All Parts Racing, LLC** | ) |
| 55 East Street | ) |
| Ware, MA 01082; | ) |
| | ) |
| **CoPart Catastrophe Response Fleet, LLC** | ) |
| 14185 Dallas Parkway, Suite 300 | ) |
| Dallas, TX 75254; | ) |
| | ) |
| **Transit Pros. LLC** | ) |
| 3215 NE Carnegie Drive, Suite 200 | ) |
| Lee's Summit, MO 64064, | ) |
|     Defendants. | ) |

## COMPLAINT

## PARTIES

1. Plaintiff, Michael Hayes, resides in Stoddard, in the County of Cheshire, New Hampshire.

2. Upon information and belief, Defendant All Parts Racing, LLC *(hereinafter* "All Parts") is a privately held limited liability corporation with an office and principal place of business in Ware, Massachusetts.

3. All Parts operates a vehicle towing company.

4. Upon information and belief, Defendant CoPart Catastrophe Response Fleet (*hereinafter* "CoPart") is a privately held limited liability corporation with an office and principal place of business in Dallas, Texas.

5. CoPart operates a towing company as well as a nation-wide vehicle auction house.

6. Upon information and belief, Defendant Transit Pros. LLC (*hereinafter* "Transit") is a privately held limited liability corporation with an office and principal place of business in Lee's Summit, Missouri.

7. Transit operates a towing company.

## JURISDICTION AND VENUE

8. This is a personal injury action arising from an incident occurring in Stoddard, New Hampshire on or about June 3, 2019.

9. Subject matter jurisdiction properly lies with this Court through diversity jurisdiction pursuant to 28 U.S.C. § 1332 because all parties are citizens of diverse states and the amount in controversy exceeds $75,000.00.

10. This Court is the proper venue pursuant to 28 U.S.C. § 1391 (b)(2) because all the relevant events giving rise to the claim occurred in this judicial district.

11. When assessing personal jurisdiction over non-resident defendants in a diversity of citizenship case, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state. *Steir v. Girl Scouts of USA*, 218 F. Supp. 2d 58, 62 (D.N.H. 2002).

12. This court can assert personal jurisdiction over the defendants if jurisdiction is proper under both the New Hampshire long-arm statute and the due process requirements of the federal constitution. *Id.*

13. Personal jurisdiction is established pursuant to New Hampshire's long-arm statute because the above named defendants transact business within the state and have submitted themselves to the jurisdiction of this state as to any cause of action arising from or growing out of their business within the state. *See* NH RSA § 510:4.

14. New Hampshire's long-arm statute is coextensive with the federal due process standard.

15. Defendants engage in continuous and systematic activity in the forum state and are subject to general jurisdiction in that forum with respect to all causes of action, even those unrelated to the defendant's forum-based activities.

16. Plaintiff seeks damages against the Defendants in an amount within the jurisdictional limits of this Court, together with the costs and interest.

## FACTUAL BASIS

17. Plaintiff operates a vehicle repair, towing, and recovery business known as "Hayes Car and Truck Repair, LLC," located at 1675 Route 9 in Stoddard, New Hampshire.

18. On or about May 17, 2019, Plaintiff towed a large 2013 Chevrolet Silverado 3500 HD truck (*hereinafter* "the large truck") to Plaintiff's business. The large truck was to be stored there pending evaluation by an insurance carrier.

19. CoPart was hired by the insurance carrier to pick up the large truck from Plaintiff's property.

20. Plaintiff advised CoPart that the large truck weighed twice what a normal truck weighed; was much longer than a normal truck due to its crew cab and eight (8) foot truck bed; and had dual rear wheels.

21. CoPart hired Transit to pick up the large truck.

22. Transit hired All Parts to pick up the large truck.

23. On or about June 3, 2019, All Parts arrived at Plaintiff's business to pick up the large truck.

24. The All Parts driver did not have a Commercial Driver's License, was not adequately trained, and was unfamiliar with practices necessary to safely remove the large truck.

25. The All Parts vehicle was not adequate to safely load or hold the large truck.

26. All Parts did not provide the necessary equipment to safely load the large truck.

27. Copart knew the driver, truck, and equipment were insufficient and unsafe.

28. All Parts knew the driver, truck, and equipment were insufficient and unsafe.

29. All Parts attempted to load the large truck anyway and was advised to take the back roads home.

30. While All Parts was loading the truck, a skid (a piece of heavy plastic equipment placed underneath the wheels of a vehicle to allow it to slide while being loaded onto a tow truck) shot out from the front wheel of the large truck at extremely high speed and hit Plaintiff in the face, injuring and disfiguring him.

31. All Parts and Transit were the apparent, express, or implied agent for or were employed by Copart; and were acting within the course and scope thereof when the acts of negligence were committed.

32. CoPart, Transit, and All Parts owed a duty of care to Plaintiff to ensure reasonable safety practices were undertaken to prevent an undue risk of harm.

33. CoPart, Transit, and All Parts, knew or should have known that sending an inadequate truck, with an untrained, incompetent driver increased the risk of foreseeable harm to Plaintiff.

34. CoPart, Transit, and All Parts disregarded the risk of injury and breached their duty of care.

35. As a direct and proximate result of Defendants' breach, Plaintiff was seriously injured and permanently disfigured; required medical attention; incurred medical expenses and lost wages; suffered great pain of body and anguish of mind; and lost opportunities and enjoyment of life. Plaintiff's injuries are continuing and are permanent.

## DEMAND FOR TRIAL BY JURY

36. Plaintiff demands a trial by jury on all claims.

## ENTRY ON APPEARANCE

**NOW COMES** Costello, Valente and Gentry, P.C., and hereby enters its appearance for Plaintiff.

**WHEREFORE**, the Plaintiff seeks the following relief:

A. Judgment for the Plaintiff in an amount sufficient to fairly and fully compensate her for his injuries and damages;

B. Costs and expenses where allowed by law; and

C. Such other and further relief as is equitable and just.

DATED at Brattleboro, Vermont, this 12th day of January, 2021.

          COSTELLO VALENTE & GENTRY, P.C.
          Attorneys for Defendant


          By: /s/ James A. Valente, Esq.
           James A. Valente, Esq.
           COSTELLO, VALENTE & GENTRY, P.C.
           P.O. Box 483
           Brattleboro, VT 05301
           802 257-5533
           NH Bar ID:266494
           valente@cvglawoffice.com